IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILSON HERNANDEZ,  :
    Petitioner  :
      :
    v.  :    CIVIL NO. 3:CV-11-1824
      :
      :    (Judge Conaboy)
SUPERINTENDENT JEROME WALSH,  :
    Respondent  :
_____

## MEMORANDUM
### Background

Wilson Hernandez, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), initiated this pro se action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. After being directed to do so, Hernandez filed an Amended Petition on February 16, 2012. See Doc. 5. Named as Respondent is SCI-Dallas Superintendent Jerome Walsh.

According to the Amended Petition, Wilson was convicted of second degree murder and related charges following a 2001 bench trial in the Luzerne County Court of Common Pleas. Petitioner states that he is presently serving a term of life imprisonment which was imposed on June 28, 2001.

Wilson states that he filed a direct appeal to the Pennsylvania Superior Court which was denied on May 30, 2002. See Doc. 5, ¶ 9. Petitioner next sought collateral relief via a petition pursuant to Pennsylvania's Post Conviction Relief Act

1

(PCRA).[1] His PCRA petition was denied on December 15, 2008. Petitioner further asserts that he filed a second PCRA petition with the Luzerne County Court of Common Pleas on October 12, 2011 which is still pending before that Court. See id. at ¶ 11(b).

In his pending action Petitioner claims entitlement to federal habeas corpus relief on the grounds that: (1) the Commonwealth failed to disclose favorable evidence and made an improper reference to Wilson's failure to testify; (2)ineffective assistance of trial counsel;(3) ineffective assistance of appellate counsel; (4) ineffective assistance of PCRA counsel; (5) imposition of an illegal sentence; and (6) denial of due process. The Amended petition acknowledges that some of Hernandez's federal claims are included in his pending PCRA action. See Doc. 5, ¶ 13.

A response to the petition was filed on November 19, 2012. Therein, Respondent seeks dismissal of Petitioner's action on the basis that he failed to exhaust his available state court remedies. See Doc. 11. Specifically, the response states that a finding of non-exhaustion is appropriate because "the state court is considering some of the same claims that the Petitioner presents in

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

this Petition for Writ of Habeas Corpus." Id. at p. 3.  In a reply, Hernandez requests that "the federal habeas petition should be stayed while Petitioner completes exhaustion of state remedies." Doc. 12, p. 2.

According to both the Amended Petition, Respondent's response and Hernandez's reply, the Petitioner's second PCRA action which includes some of the claims presently pending before this Court is still under consideration by the Pennsylvania state courts. Respondent also concedes that if this matter is not stayed, Hernandez would only have a relatively brief period of time (31 days) after conclusion of his pending state court proceedings in which to file a new timely federal habeas petition.  See Doc. 11, p. 3.  For the reasons set forth below, the Court will grant Petitioner's request to stay this action to allow him opportunity to complete the pending state court review.

**Discussion**

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the

interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The United States Supreme Court in Rhines, recognized that under such "limited circumstances"

4

district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed. In the present case, Respondent has not sought dismissal of Hernandez's action on the basis of being untimely filed and has acknowledged that the pending federal petition is timely. See Doc. 11, p. 3. There is also no other indication in the record that Hernandez's pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. As previously discussed, Petitioner has requested a stay because his pending § 2254 action includes claims that he is also asserting via a PCRA petition which is presently under consideration in Pennsylvania state court. See Doc. 12, p. 3.

As in Crews, Hernandez should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court

judgments. Under these circumstances as well as Respondent's observation that Hernandez would only have a relatively short period of time in which to file a new federal habeas petition after completion of the state review process if not granted a stay, <u>Crews</u> counsels in favor of a stay of litigation in this case while Hernandez exhausts the review process on his pending PCRA action. However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court proceedings, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's disposition. An appropriate Order will issue.

>                         S/Richard P. Conaboy
>                         RICHARD P. CONABOY
>                         United States District Judge

DATED: APRIL 17, 2013