**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILSON HERNANDEZ, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | **3:11-CV-1824** |
| | : | **(JUDGE MARIANI)** |
| SUPERINTENDENT of SCI-DALLAS, et al., | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

On October 4, 2011, Wilson Hernandez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), which he subsequently amended on February 16, 2012 (Doc. 5). Petitioner subsequently filed a Motion to Amend Petition for Writ of Habeas Corpus Filed Pursuant to 28 U.S.C. § 2254 (Doc. 22) requesting that he be granted leave to amend his Petition to include a claim that his sentence of life without parole violated his Constitutional rights under the Eighth and Fourteenth Amendments.

On May 2, 2019, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") (Doc. 28) recommending that Petitioner's Motion to Amend be denied and that his Petition for Writ of Habeas Corpus also be denied. Petitioner filed Objections to the Magistrate's R&R (Docs. 29, 30).

Upon *de novo* review of Magistrate Judge Carlson's R&R (Doc. 28), Petitioner's Objections thereto (Docs. 29, 30), and all relevant filings, the Court will overrule the Objections and adopt the pending R&R.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, Petitioner raises two Objections to the Magistrate Judge's R&R: (1) that his "separate sentences of life without parole (LWOP) for second-degree murder and aggregate term of 9-18 years for robbery and conspiracy is an illegal sentence that violated Petitioner's rights under the Fourteenth Amendment"; and (2) that his sentence of life without parole is unconstitutional. (*See* Docs. 29, Doc. 30).

With respect to Petitioner's assertion that his separate sentences constituted an "illegal sentence", the R&R properly determined that the claim was unexhausted and procedurally defaulted (Doc. 28, at 21)(*see* 42 Pa.C.S.A. § 9544(b)). In his Objections, Hernandez does not assert that the Magistrate Judge erred in stating that he did not present this claim in his first PCRA petition, but rather that "a challenge to the legality of a sentence cannot be waived and may be raised at any time in the adversarial proceedings." (Doc. 30, at 3). Such an argument, that a prisoner may challenge his sentence on a basis raised for

the first time on a habeas petition in federal court, runs afoul of the very strictures of habeas relief. As explained by the Supreme Court, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A claim has been exhausted when it has been "fairly presented" to the state court. Picard v. Connor, 404 U.S. 270, 275 (1971). This means that the federal habeas claim "must be the substantial equivalent of that presented to the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Here, Hernandez did not raise his claim of an "illegal sentence" in his first PCRA petition, and the state court was thus not afforded an opportunity to review or act upon this claim. Nor does Petitioner assert in his Objections that there is any basis for a finding by this court that his procedural default should be excused.

Petitioner's second Objection, that his sentence is "disproportionate" and that he "should be allowed to argue in this federal habeas proceeding that the rights established in Miller v. Alabama, 132 S.Ct. 2455 (2012), and Montgomery v. Louisiana, 136 S.Ct. 718 (2016), apply to him" (Doc. 30, at 4) also does not afford Petitioner relief. As Magistrate Judge Carlson noted, Petitioner unsuccessfully raised this same argument in his third PCRA petition. There, the Superior Court of Pennsylvania, in affirming the PCRA court's order, explained:

3

. . . Hernandez claims that the Supreme Court's holding in *Miller* prohibits the imposition of a mandatory life sentence in his case because "[a]ll of the characteristics and circumstances attendant to his youth did not disappear when [he] turned 18." PCRA Petition, 9/5/12, at 8a. However, as both the PCRA court and counsel properly conclude, the high court's ruling in *Miller* applies solely to defendants who had not reached the age of majority, or 18 years of age, at the time they committed their crime, and this Court has previously declined to extent [*sic*] PCRA relief under *Miller* to defendants 18 years of age and older. *See Commonwealth v. Cintora,* 69 A.3d 759, 764 (Pa. Super. 2013) (contention that a newly-recognized constitutional right should be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)). Accordingly, *Miller* is inapplicable to Hernandez's case and the PCRA court properly dismissed his petition as untimely.

(Doc. 27-4, at 69). Just as in the Pennsylvania state courts, as the R&R correctlt explains,

federal "courts in this circuit have consistently declined to extend <u>Miller</u> to convicted

offenders who were eighteen at the time they committed the offense for which they were

convicted." (Doc. 28, at 27-28) (collecting cases).[1] The Court agrees with the R&R's

conclusion that *Miller* has no application to adult offenders such as Hernandez (*id.* at 28),

and that Petitioner's request to amend his § 2254 Petition to include this claim would be

futile in so much as the argument "fails on its merits."

---

[1] Petitioner's reliance on *Cruz v. United States*, an unpublished opinion from the District Court of Connecticut is without any precedential, or persuasive, value here. In *Cruz*, the District Court granted a request for habeas relief to a petitioner who was serving a life sentence for killing two individuals when he was just over eighteen years old. 2018 WL 1541898 (D.Conn. 2018). Nonetheless, a year after the District Court's decision in *Cruz*, the Second Circuit (of which the District of Connecticut belongs), in a separate action found that defendants there, who were between the ages of 18 and 22 years old at the time of their crimes, were not entitled to relief from their mandatory life sentences on the basis of *Miller*. As explained by the Second Circuit, "'a line must be drawn,' and the Supreme Court has repeatedly chosen in the Eighth Amendment context to draw that line at the age of 18, which 'is the point where society draws the line for many purposes between childhood and adulthood'" and therefore "[s]ince the Supreme Court has chosen to draw the constitutional line at the age of 18 for mandatory minimum life sentences, *Miller*, 567 U.S. at 465, 132 S.Ct. 2455, the defendants' age-based Eighth Amendment challenges to their sentences must fail." *United States v. Sierra*, 933 F.3d 95, 97 (2d Cir. 2019).

4

For the foregoing reasons, as well as those set forth in the R&R (Doc. 28), the Court will overrule Petitioner's Objections, adopt the pending R&R, and thus deny Wilson Hernandez's Motion to Amend Petition for Writ of Habeas Corpus Filed Pursuant to 28 U.S.C. § 2254 and his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

Robert D. Mariani
United States District Judge